IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

WILLIS WILLIAMS,
ADC #88363                                                                                          PLAINTIFF

2:09CV00094JMM/HLJ

T. COX, et al.                                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging he was falsely charged and convicted of a disciplinary, and placed in administrative segregation and behavioral control for five days without his personal property. Plaintiff asks for monetary relief from defendants.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell

Atlantic Corp. v. Twombly, 127 S.C. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Initially, the Court notes that the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), and that in order to file a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit. Barker v. Scheere, 1998 WL 101924 (N.D.Tex. 1998). In this particular case, plaintiff states that his disciplinary violation was upheld on appeal. Therefore, the Court finds that plaintiff's allegation can not form the basis of a § 1983 claim.

With respect to his remaining allegations concerning his disciplinary conviction, the Court finds that this case falls within the context of Edwards v. Balisok, 117 S.Ct. 1584 (1997), and Heck v. Humphrey, 114 S.Ct. 2364 (1994). In Balisok, supra, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. 117 S.Ct. at 1587. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. In the earlier case of Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983

would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. Finally, in Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996), the Court held that "[i]f success on the merits of a particular § 1983 claim would necessarily imply the invalidity of a disciplinary result lengthening the plaintiff's prison sentence, Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas court...."

In this particular case, plaintiff alleges he was falsely charged with a disciplinary violation, and that defendants failed to review all available evidence before convicting him. Plaintiff was sentenced to punitive isolation, reduced in class, and lost good time. In addition, he alleges defendant Harmon violated his rights by failing to overturn his conviction. Therefore, plaintiff is alleging defendants reached the wrong result, in an action which resulted in loss of his good time credits. The Court therefore finds plaintiff's claim should be dismissed until his sentence is reversed, expunged, or called into question by a state tribunal or federal court.

Finally, the Court finds that plaintiff's allegations concerning his placement in administrative segregation and behavioral control without personal property for five days fail to state a claim. In Sandin v. Connor, 115 S.Ct. 2293 (1995), the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents

of prison life." 115 S.Ct. at 2293.  Following Sandin, the Eighth Circuit Court of Appeals held in Kennedy v. Blankenship, 100 F.3d 640, 642 (1996), that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'"  In Kennedy, the plaintiff's placement in punitive isolation was not considered atypical and significant event though the prisoner faced restrictions in privileges regarding mail, telephone, visitation, commissary, and personal possessions.  Furthermore, in Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003), the Court stated, "We have consistently held that a demotion to segregation, even without cause,  is not itself an atypical and significant hardship."  In Phillips, the Court held that the absence of contact visitation, exercise privileges, and chapel rights for thirty-seven days did not constitute an atypical and significant hardship.

In this particular case, the Court finds plaintiff's allegations that he was placed in administrative segregation/behavioral control for five days  does not allege a deprivation which qualifies as atypical and significant.  Therefore, the Court finds that within the context of Sandin, supra, plaintiff's confinement does not state a Fifth Amendment deprivation of liberty violation or an Eighth Amendment cruel and unusual punishment claim. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is hereby DISMISSED. [1]

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."   See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).

IT IS SO ORDERED this 11th day of August, 2009.

_____
United States Magistrate Judge